Good morning, Your Honors, and may it please the Court. My name is Christian Ronald, and I represent Defendant Appellant Craig Hines. I did not represent Mr. Hines below. This Court should affirm the district court's decision concluding that it was authorized to resentence Mr. Hines on all three of his counts of conviction. However, the Court should vacate Mr. Hines' revised sentence and remand with instructions to the district court that the district court cannot increase any of Mr. Hines' individual sentences and that the district court should correct the erroneous supervised release condition in light of this Court's decision in United States v. Mata. The Court should also deny the government's motion to dismiss because the waiver provision in Mr. Hines' plea agreement does not encompass sentence modification proceedings. So, starting with the district court's first sentence … Why doesn't it encompass sentence modification proceedings? I mean, it does say, you know, habeas petitions, but not limited to that. So why isn't this a proceeding that involves his sentence? So, Your Honor, it's actually a bit narrower than other form waiver provisions that are used in this circuit that are broader than that and actually specifically mention sentence modification proceedings. And this Court has made clear recently in decisions like Mata … Well, if it had language that said he can't seek to modify his sentence, then maybe he wouldn't have even been able to apply for a reduction under the First Step Act because that would be a modification. So maybe it would encompass even that. But this is definitely an appeal that is challenging his sentence, isn't it? But it's an appeal from a sentence modification proceeding. And I think that this Court has made clear in recent decisions like Amato and actually a decision a couple weeks ago in Fernandez that … Well, no, it's not. So I'm sorry. Sorry? It's not an appeal from a sentence modification proceeding. It's an appeal from a judgment of resentencing. Sorry, Your Honor? It's a resentencing. It's not a — it's an appeal from a resentencing. So it's not an appeal from a proceeding, right? Sure. It's a — it's an appeal from a resentencing under Section 404B of the First Step Act, which this Court has made clear that First Step Act motions are procedurally distinct from collateral attacks and direct appeals from a sentence. So I think that it really is — But haven't we said in, what is it, Borden, that if a conviction is vacated and there's a resentencing, the appeal waiver still applies after the resentencing? Right. So — So why isn't this just a resentencing? Because the — in Borden, the waiver provision there actually expressly encompassed 2255 motions. And that challenge was brought as a 2255 motion. So it's not just carrying forward to every sort of resentencing. This is a distinct procedural vehicle that was a statute that wasn't even in effect at the time of the original plea agreement that Mr. Hines entered into. Are you saying why the appeal waiver would say something like, any proceeding? Because it envisions any possible proceeding by which you could challenge your sentence. Well, sentence modification proceedings were in effect at that time under Section 3582C. And that is exactly the type of waiver provision that is often used in other cases in this circuit. And we cite a few of those at page 57 and 58 of our briefs. So all in all, especially because this Court interprets waiver provisions narrowly and against the government, this Court should deny the government's motion to dismiss. So you are not relying on an argument, I take it, that he couldn't possibly have known that he was waiving his right to appeal a resentencing in this context? I mean, I think that is — that's an additional argument, Your Honor. It's not — But you — as you point out, sentencing modification proceedings were in existence at the time that he pled guilty pursuant to this plea agreement. That's right. And so the government could have included a reference to sentence modification proceedings in the appeal waiver provision if it — if it wanted to, but it didn't. And — and this Court should hold the government to the original agreement that Mr. Hines reached there. So moving on to the district court's First Step Act authority, the district court was authorized to modify Mr. Hines' sentence on all of his counts, his covered counts and non-covered accounts, in light of the Supreme Court's decision in Concepcion. And that decision significantly undermined the reasoning of this Court's prior — But why would that be? So in Young, we said that you need authorization to modify the sentence for each conviction. Mm-hmm. Concepcion says when you have authorization to modify a sentence, you can take into consideration changes in law and lots of other factors, but how does it even address the claim of Young that you need specific authorization to modify each count of conviction? In Concepcion, only one count of conviction was at issue. Sure, Your Honor. But Concepcion was interpreting the text of Section 404B. And I think, importantly, the dissent in that case was trying to impose an implicit restriction on district court's sentencing authority. And the majority made clear that Congress didn't hide any implicit restrictions on district court's resentencing authority under Section 404B outside of Section 404C, which actually does impose a couple of substantive restrictions on district court's authority to actually impose a reduced sentence to begin with. So the fact that Section 404C deals with the eligibility issue that we're dealing with here, which is authorization to even impose a reduced sentence to begin with, and the Court in Concepcion said those are the only limitations on district court's discretion, I think that that is informative and applies But it's limitations on their discretion about how to do the reduction once you are authorized to modify a sentence, right? It doesn't speak to when you're authorized to modify a sentence. Well, I think in general, the majority opinion in Concepcion rejected any implicit limitations on a district court's sentencing authority. And it But we still have the two-step analysis, right? We still first say, are you eligible? Is there a covered offense? And then we still — and it's in the second step that Concepcion makes clear that you have wide discretion to consider rehabilitation and changes in law. Sure, Your Honor. But in terms of that first step, I mean, first of all, the Court in Concepcion essentially did say that the two steps should be combined. But in terms of the first step, that is talking about eligibility to begin with, sort of like in a compassionate release motion, extraordinary circumstances. So once you're eligible, then the district court has essentially plenary authority to adjust any of the sentences. And that comes from the plain text of Section 404b, because 404b says impose a reduced sentence. It doesn't specify which sentence the reduced sentence could be on. But as a court that imposed a sentence for a covered offense, yada, yada, yada, may impose a reduced sentence. I mean, wouldn't the word sentence be referring to the reference earlier in the same sentence when it refers to a sentence for a covered offense? I don't think so, Your Honor, because Concepcion made clear that the references to Section 2 and 3 of the Fair Sentencing Act were only there, first of all, for the eligibility argument. The defendant had to originally have been sentenced under the Fair Sentencing Act. And the last clause, the as-if clause at the end of Section 404b, is only there to make the Fair Sentencing Act retroactive. So you are not relying on the sentencing package doctrine. You're really relying on Concepcion and the lack of any textual limitation in 404b. Absolutely. And that's actually the — After the first step on eligibility. Right. And that's the interpretation that a number of other courts of appeals have taken after Concepcion, including the Richardson case that we submitted a 28-J letter on. And that comes from the plain text. I see that I'm running out of time. Can I briefly address the supervised release issue? Because I just want to briefly touch on that before sitting down. But before you get to that, can I just say, so even — regardless of your interpretation of 404b, it does make clear that there doesn't need to be a sentence reduction at all, right? That's right. And so here, the district court ended up giving your client the same overall sentence. So even if he was authorized to give a lower sentence, he could always decide not to. And he seemed pretty intent on giving the same overall sentence. And so why wouldn't we say that if there was an error, any error would be harmless because you're in the same position you would be otherwise? Well, so the first issue is that the district court was not permitted to increase the sentence on count three. And we are interpreting the term sentence consistently as referring to a sentence on an individual count. But the other thing is, I don't think that it's necessarily clear that the district court would have imposed the same sentence because the district court was explicitly relying on its ability to increase the sentence on count three. It noted that in the record at page 263, I think. Your entire argument — Yes. And I'm sorry to interrupt, but your entire argument, I think, rests on the idea that the district court, Judge Underhill here, had wide discretion with respect to all the counts to be sentenced, correct? Correct. Except, I take it, that he did not have — the discretion was limited insofar as he couldn't increase the sentence — Yes. — above the originally imposed sentence. Yes, Your Honor. And that flows — Tell me — tell me where — what do I look for? What do I look to? I understand that it seems inconsistent, but it flows directly from the section — Well, it is inconsistent. Respectfully, Your Honor, it flows directly from the text of Section 404b. Okay. If you're interpreting the term sentence to mean an individual sentence, Section 404b only authorizes courts to impose a reduced sentence. And Section 404c makes clear that district courts don't have to impose a reduced sentence. So the choices are reduced sentence or leave it the same, but you can't increase any particular sentence. So even if that were true, since you're interpreting sentence to be the overall sentence, here he did not increase the sentence because he ended up with the same overall sentence. No. We're interpreting sentence, Your Honor, to mean an individual sentence. Each — each individual sentence. Each individual sentence. Correct. Were you just telling me that the language of 404b, the reason it authorizes a plenary resentencing is because the word sentence refers to the overall sentence? No, Your Honor. It's because the — the phrase, impose a reduced sentence, doesn't specify whether the — the sentence is for a covered offense or a non-covered offense. There's no explicit limitation on district courts' sentencing authority. And that's exactly how the Court interpreted it in Richardson, which was the case that we put the 28-J letter in. I'm way over time, so — So you're saying that the way we should read 404b is it says, a court that imposed a sentence for a covered offense, that's the predicate eligibility, may impose a reduced sentence. And you're saying there the word sentence does not refer to the overall sentence. It refers to the sentence for each individual offense. Yes, Your Honor. But — but any of them, regardless of whether it's a covered offense? Yes, Your Honor. And — and I think that that is the — the most textually accurate way to read Section 404b, particularly in light of Concepcion. And that's how the Court read it in Richardson, the Fourth Circuit case, and also the Seventh Circuit case in Curtis recently, which is cited in Richardson. I'll address any supervised release issues after — on rebuttal, if there's any issues. Thank you, Your Honor. Thank you. Good morning, Your Honors. May it please the Court, Assistant U.S. Attorney Elena Coronado for the government. In 2021, the District Court granted Mr. Hines a resentencing under the First Step Act and chose to reapportion, but not reduce, his overall sentence of 262 months. That sentence was procedurally and substantively reasonable, and it should be Now, we've had the opportunity, pursuant to the Court's order, to brief and hear today at oral argument to discuss other matters on appeal, including this question as to what the scope of the resentencing should have been in the first place. And as to those other matters, it's the government's position that a First Step Act — the First Step Act does not permit resentencing on non-covered offenses, pursuant to the text of the First Step Act itself, as a general matter. Well, I didn't understand that from anything that I read before. I thought that you were not challenging, at least for purposes of this case, the Judge Underhill's decision to conduct a plenary resentencing. Your Honor, that's absolutely correct. And so here I speak about merely the government's position in response to the Court's order — You're saying he was wrong and it wasn't authorized to change the sentences, but you're not relying that on appeal because you think that there's a ground for affirming him that's separate from that? That's right. Why in the world are you doing that? So in many ways, this is sort of a practical decision. So I think the easiest and sort of most parsimonious way that the Court can address and resolve this case is on the basis of the government's prior motion to dismiss and for summary affirmance because — You don't usually say there are four reasons we can affirm, but the easiest one is number three, but you don't say we're not relying on the others. That's true, Your Honor. And part of this is a judicial economy issue. So to discuss the practicalities here, the — I assume we've got resources to hear this. I don't understand why you would give up this argument, but okay, you've done it. Sure, yeah. So Mr. Hines is due to be released in five weeks from Bureau of Prison Custody. I believe the release date, the projected release date is July 24th. He's now spent — you know, he's received quite a lot of process over the course of the last almost two decades here. And the government's position is that it's not — you know, that Judge Underhill intended for a 262-month sentence to be imposed here. He intended to maintain that. If the case were to be remanded for some procedural reason, we have every reason to believe that Judge Underhill would reimpose the same 262-month sentence. So then isn't it an easier argument instead of saying, well, in this hypothetical universe in which he was authorized to do a plenary resentencing, he abided by that imaginary set of standards. Isn't it easier just to say, well, even if he made an error, it's harmless, but it's very clear that he wanted to come up with the same aggregate sentence, and it's clear that he was allowed to retain the same aggregate sentence? Quite frankly, I think that could be another method for achieving the same results here. But to be perfectly frank, I think that this is — the appeals waiver, as the Court is well aware, was set at 327 months. This — the appeals waiver remains valid after resentencing. So your first argument is the appellate waiver? Yes. Okay. Well, what about the opposing counsel's argument that this is different because it's a sentence modification and that's not mentioned in the appellate waiver? I think that really conflates two legally distinct entities. So the fact that Mr. Hines was permitted to bring a first step back motion is not something that is barred by the appeals waiver. But then, having been granted — So if he brings a first step back motion, he is attacking — is that not a collateral attack on the sentence? He's asking the district court to modify the sentence. So if you're saying he's allowed to come back, why isn't he allowed to appeal that determination? Because what he's appealing is something that is an intervening step, which is the sentencing itself. And this Court has — even though it has strictly considered — You're saying even though he agreed never to collaterally attack his sentence in any proceeding, he can bring a first step back motion and say to the district court, I want a different sentence and not the earlier one, and that's not a collateral attack. But when he appeals from that decision and says, you did the first step back analysis wrong, that is a collateral attack? Or it is an appeal? It's an appeal from — Covered by the waiver? Yes, it is. Well, isn't that weird that he can bring the first step back motion for the change, but then he can't litigate it fully? Yes. And partly this may be an artifact of the — this — how strictly appeals waivers have been construed against the government, because the — for example, we see this often in the compassionate release context, where defendants seek, you know, a sentence even though it's — perhaps their sentence initially fell below the appeals waiver and they're seeking a reduction further still. Nonetheless, so — so, yeah, of course, I think that the government's preferred read would be to limit all such modification. But there are some modifications, as you're pointing out, that we readily review, notwithstanding the existence of an appellate waiver. Right. So why — why — why isn't this modification in that bucket? Because this is a — Have we said anything about — about — on this issue? So the Court has promulgated the case — the Borden case that we cite in our papers. I barely remember Borden, apparently. I was a little surprised that I authored the opinion in that case. But that — I don't think that that had anything to do with me sentencing. That is true. It was a different posture. It was after a 2255 motion. Nonetheless, the reasoning applies equally here. And certainly, sister circuits have — have — have made that quite clear. We cite in our papers an Eighth Circuit case to that effect, that resentencings — that appeals waivers that follow resentencings are equally valid. So I do think that — So your position is that this is just a resentencing? That's right, Your Honor. They could have gotten — so then it's sort of like maybe Borden, where like something happens and you get a resentencing. That's like the first step back motion. But regardless, when there's a resentencing that intervenes, you still can't appeal from it. And we've held that the appellate waiver applies. That's exactly right, Your Honor. But we haven't said that and would need to write an opinion to make that clear. I — I think that the Court could issue a summary order on the strength of the Borden case. But certainly, that is, you know, within the Court's discretion. But all that being said, so that is certainly one option available to the Court. Now that there has been full merits briefing, the Court could reach the merits. And recognizing the sort of slight, you know, oddity, let's say, of the government's position here, which is that the District Court really didn't have authority to resentence on non-covered offenses in this particular case, regardless of Concepcion, which I think does not address the initial step of eligibility. It really only discusses what the Court is permitted to consider after eligibility has already been determined. That being said, I think the Court could reach the merits and say, you know, the government having decided not to press this matter on appeal, we find that the — you know, I think the Court could find that the — But has there been any real briefing on this? I'm sorry? Has there been any real briefing on this? I mean, you — you know, you sort of not conceded the point, but you have abandoned the point, and there's no briefing, effectively, on this. On this, there's not — there's not a lot of briefing on this particular issue of plenary resentencing in this case. Well, we have — we have briefed the question as to what, at least in the government's view, that — and I think the appellant has as well — the briefing as to what the — You do say that given his position on 404B, you could just affirm, because what the district court did was consistent even with his interpretation. But then I have the following question, which is, you know, your argument is 404B says that a court that imposed a sentence for a covered offense may impose a reduced sentence as if the Fair Sentencing Act was in effect. Yes. And you're saying even assuming, as the appellant suggests, that the second reference to sentence refers to the overall sentence, here the district court didn't change the overall sentence. That is right. But of course, the opposing counsel just said they don't think that the second reference to sentence means the overall sentence. He thinks the second reference to sentence does mean the sentence for the individual offense. It's just that because it doesn't specify that it's a covered offense, we should read it to be any sentence for any offense. And so that interpretation maybe doesn't lead to your conclusion, that even accepting that interpretation, the district court didn't err. But if that were the proper reading, then Mr. Hines would not have gotten to appeal to resentencing on counts one and three at all, because the reading of the First Step Act that treats the word sentence to refer only to the sentence on individual counts, then it would sort of necessarily only permit eligibility on count two, the crack cocaine offense here. Counts one and count three fall outside the heartland of the First Step Act. So I agree. I mean, you know, I guess we all wrote prior opinions. I wrote young. I understand how that works. So but you're saying we shouldn't rely on that in this case. And so the appellant's position is if a court imposed a sentence for a covered offense, essentially 404B says it can now impose a reduced sentence for any offense for which it was sentenced. I'm not sure that's the best reading of the statute. But if you want to make an argument that even accepting his reading of the statute, the district court didn't err, it does seem like he has a reading of the statute that wouldn't allow the district court to do what it did here. But I think that the so while the government is not pressing this plenary resentencing argument, I would say this, that the reading of section 404B needs to be consistent in one way or the other. Either the reading is that a court may impose a sentence, meaning an aggregate sentence, and that sentence cannot be reduced.  Because you're just saying that what he just said can't be right. It can't possibly be right. Because the only way that 404B could authorize a plenary resentencing is if the second reference to sentence refers to the aggregate sentence. That's right. That's right, Your Honor. But to the extent that a reading is available that says it actually refers to the sentence for the individual offense, then it must be reduced. Your argument is not that you can accept that and say the district court didn't err. It's that that's not a possible reading. And if that were the reading, it wouldn't authorize what the district court did. Certainly. And if that were the appropriate reading, then the court should only accept the reduction on Counts 2 and Counts 1 and 3 should remain exactly what they were before the resentencing proceeding, which does not help Mr. Hines here, because Count 1's sentence was the full 262 months that he now challenges. And there is a possibility under this sentencing package doctrine that you've spelled for that to happen, right? So there are, as this Court has said in the Martin case, there is a very particular set of circumstances where a non-covered offense could be swept into and could be reduced as part of a first step motion under 404B. But that is not the circumstances here. So the example that Martin gives, to take an example that would flow from Martin, if, say, the defendant had both a gun and a crack cocaine charge where the penalty on the gun charge was driven by the quantity of crack cocaine, then perhaps that would fall into the limited exception that this Court has read into. Isn't that a form of plenary resentencing? Yes, Your Honor. I think it could. In that case, there could be a reason for a plenary resentencing. This is not the case here, because the quantity of crack cocaine didn't drive really any of the overall sentences. What drove the overall sentence for Mr. Hines was the fact that he was a career offender. And frankly, that was in terms of the guidelines application, but also in terms of the Court's thinking at both the original sentencing and the resentencing. I think there was virtually, potentially no mention, I think there was literally no mention of the drug component of his criminal activity, and the entirety of the Court's focus was on his violent crime, and then ultimately in the resentencing on the two murders he had committed. May I actually just go back to the appellate waiver so that I understand? Yes. So let's say that Mr. Hines filed a First Step Act motion, and that motion was denied at the appeal. Would that be covered by the appellate waiver in that case? I... I mean, just to go back to something you said also. Right. Right, right, right. Understood, Your Honor. An appeal from the denial, you're saying. Based on, you know, the sort of strictness of the appellate waiver interpretation, I think that probably would not be covered, no. Why is that qualitatively different from an appeal from a resentencing? Agreed. It's very similar, but sentencing, but the sentencing itself is a unique, it's a unique procedural process. So analytically, denial and grant, same analytically, same thing, I think. But you're saying one should be treated differently than the other in the context of determining whether we can review it if there's an appellate waiver. Is that the position of governments? Yes, Your Honor. And that's, and that's sort of based on kind of the unique, the unique status of sentencing. Well, it's not just the unique status of sentencing. I mean, I guess you could say, you know, the appeal waiver says it specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a habeas motion, the conviction or sentence of imprisonment imposed by the court. So if he grants the motion and imposes the sentence and then you appeal, you are doing an appeal challenging the sentence imposed by the court. Certainly. But if he denies the motion, maybe you're not, because he hasn't imposed a sentence. You're doing, you're challenging something different, which is the denial of a motion. Certainly, Your Honor. I understand maybe that's a little bit of an odd result, but it does track the language of the appellate waiver. And that's exactly what I meant to convey, that the waiver specifies sentence. So even though a denial of a first-effect motion and the granting of it and then a resentencing to the same amount. He is a sentence in place. Exactly. So that's the review. Ultimately, look, a defendant in a criminal case, I don't know about anybody else, is concerned about the sentence, not the motion, anything else. And really, that's the substance of it. And so it's a little, it's very odd to me. Very odd. I think certainly that's the defendant's primary concern, although this Court is going to be concerned about things like the language and the case law. Thank you, Your Honors. With that, we'll speak for minutes and rest on our brief. Thank you, Your Honors. A few points in rebuttal. On this issue of the appeal waiver, I would specifically point the Court's attention to Latif, United States v. Latif, which we cite in our brief at page 57. Now, that was a summary order, but this Court affirmed the appeal waiver as to a direct appeal, but specifically noted that the appeal waiver as written would permit a defendant to bring a motion for a sentence reduction under Section 3582C. And here, there's actually another issue that's implicated by what the position of the government is taking in this case, which is they are saying that Mr. Hines was permitted to bring his original sentence, but is not permitted to appeal from any decision on that motion. And that's exactly the issue that was at issue in Borden and Ojeda, which is a case that preceded Borden and that Borden relied on heavily or discussed heavily, where the government is essentially applying the waiver inconsistently to the proceeding below and on appeal. And what Ojeda said, and that is — I don't have a cite right here, but it's cited in Borden — and what that case said is that the government cannot inconsistently apply a waiver provision when the same issue is at issue below and on appeal. And Borden distinguished that case. But that's not quite the issue that's in front of us. It's not, but it is the position that the government's taking here, which is that Mr. Hines was allowed to bring his original first step-back motion, but isn't somehow allowed to appeal from it. And so the government is applying that waiver provision inconsistently. So — But isn't — I mean, so if it says you can't appeal or collaterally attack your sentence once it's imposed by the Court, you know, when you bring the first step-back motion, you're saying, look, I don't actually think you got the first sentence wrong, but Congress has now given me this mechanism by which I can seek a modification. So that is not necessarily a collateral attack. Maybe that's not a collateral attack. It's certainly not an appeal. And so maybe it's not covered by the appellate waiver. But once the Court actually does a resendency and it's within the appellate waiver, then you definitely are appealing the term of imprisonment imposed by the Court, right? So again, doesn't that just track the language of the appellate waiver? So I think this directly implicates that inconsistent asserting of the appeal waiver provision. It's not an appeal from the original sentence, Your Honor. It's an appeal from an amended judgment that is imposed after a sentence reduction proceeding. And again, Latif is directly on point, and I recognize that it's a summary. So you referenced Latif, which is a summary order. Yes. Would you just help me to understand how this case is distinguishable from Mejia's, which is also a summary order seven years after Latif, in which we said that a waiver of appeal and collateral attack rights did bar a 3582C sentence modification motion because it was, quote, precisely the sort of collateral attack on a sentence waived as part of the plea agreement? Well, I mean, I'm not sure exactly what the specific language of the plea agreement is there. But this Court has recently made clear in Amado and Fernandez that certainly first step back motions are not collateral attacks on sentences and are a completely different procedural regime. So to the extent that Mejia's summary order says otherwise, Amado and Fernandez are directly on point and clearly distinguish the two proceedings. And I would just note on this harmlessness issue, the Court did very clearly say at page 300 of the appendix that it felt it necessary to reduce the sentence on the second count. And the Court was obviously cognizant of the lower statutory maximum on count one and felt it necessary to reduce the sentence on count two. So if this Court agrees with our reading of section 404B and holds that the Court was not going to do that. Well, considering those individually, but doesn't the district court also say that given the murders that he's not inclined to reduce the sentence? Of course, but the Court was relying explicitly on the fact that the district court could increase it on count three. The district court explicitly said that, well, I can increase it on count three. Well, he said in light of the murders, I would not be inclined to reduce the sentence. But if somehow you got relief from the murder conviction, maybe I would be. Doesn't that suggest that he wanted the same overall sentence? And so if he didn't have the authority to rejigger the individual counts to yield the same overall sentence, he wouldn't have done a reduction at all? I don't think that this Court can say that for certain. Because of the Court's attention to the new statutory maximum on count one and the legal changes flowing from the Fair Sentencing Act on count two, it was obviously important to the Court as well. And so I don't know that this Court can necessarily say that it was harmless in light of that. Thank you, Your Honors. Thank you, Bez. Nicely argued on both sides.